IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23CR2 |
| v. | |
| EDUARDO GONZALEZ-MORENO, | MEMORANDUM AND ORDER |
| Defendant. | |

On November 3, 2022, members of the Nebraska State Patrol Commercial Interdiction Unit serving on a United States Drug Enforcement Agency task force ("task-force officers") arrested defendant Eduardo Gonzalez-Moreno ("Gonzalez-Moreno") at the Trailways Bus Station in Omaha, Nebraska, after the search of his suitcase pursuant to a written search warrant revealed two large bricks of fentanyl. Now pending before the Court is Gonzalez-Moreno's motion to suppress evidence (Filing No. 18) obtained from what he sees as his unlawful detention "and the unlawful search of his belongings."

Gonzalez-Moreno alternatively moves for "an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978)." In *Franks*, the Supreme Court held "that, where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." 438 U.S. at 155-56. Gonzalez-Moreno contends a hearing is necessary here because the affidavit used to obtain the search warrant contained material misstatements and omissions about the reliability of the police dog used to sniff his bags and about the circumstances leading up to the sniff.

After an evidentiary hearing on May 22, 2023, the magistrate judge[1] issued a Findings and Recommendation (Filing No. 40) recommending the Court deny Gonzalez-Moreno's motion to suppress.  *See* 28 U.S.C. § 636(b)(1)(B) (authorizing the Court to designate a magistrate judge to conduct an evidentiary hearing and make a recommendation for disposition of a motion to suppress); Fed. R. Crim. P. 59(b)(1).  The magistrate judge also decided Gonzalez-Moreno failed to make the "substantial preliminary showing" necessary to warrant a *Franks* hearing.  *Franks*, 438 U.S. at 155; *see also* 28 U.S.C. § 636(b)(1)(A) (authorizing the Court to designate a magistrate judge to decide nondispositive pretrial matters); Fed. R. Crim. P. 59(a).

Gonzalez-Moreno timely objected to the Findings and Recommendation, making five specific objections to the magistrate judge's analysis of Gonzalez-Moreno's bus-station encounter with law enforcement (Filing No. 45).  More specifically, Gonzalez-Moreno argued the magistrate judge erred in (1) finding Gonzalez-Moreno's initial interaction with the task-force officers was consensual, (2) concluding he knowingly and voluntarily consented to the dog sniff of his bags, (3) finding the dog was reliable, (4) failing to make "findings about the propriety of removing [him] and his suitcase from the stream of commerce . . . while the warrant was sought," and (5) concluding "the warrant was valid and that the [*United States v. Leon*, 468 U.S. 897, 920-922 (1984),] good-faith exception protects the execution of the warrant."  Gonzalez-Moreno also contended "the magistrate judge improperly denied the *Franks* hearing."

On initial review,[2] the Court found (Filing No. 47) Gonzalez-Moreno raised some "salient questions about some of the magistrate judge's analysis of pertinent issues in this

---

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

[2]Under 28 U.S.C. § 636(b)(1)(C), the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  *Accord* Fed. R. Crim. P. 59(b)(3).  It reviews a challenge to the denial of a request for a *Franks* hearing to ensure the ruling is not "clearly erroneous or contrary to law."  28 U.S.C.

case." Though it did not formally object, the government did "take issue" with the magistrate judge's finding that Gonzalez-Moreno was detained during the sniff (Filing No. 46). To help answer those questions, the Court resubmitted this matter to the magistrate judge for further review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

On October 26, 2023, the magistrate judge held a second evidentiary hearing. The government called two task-force officers that were at the scene with Gonzalez-Moreno to testify. The defense called a Spanish language interpreter to shed some light on the officers' disputed "Spanish" conversation with Gonzalez-Moreno.

After the hearing, the magistrate judge issued a Supplemental Findings and Amended Recommendation (Filing No. 57) recommending that Gonzalez-Moreno's motion to suppress be granted. With the benefit of additional evidence, the magistrate judge found Gonzalez-Moreno "did not provide valid consent to the dog sniff of his bags." Relying on *United States v. Green*, 52 F.3d 194, 197-98 (8th Cir. 1995), he further found the government failed to demonstrate the task-force officers had the requisite "'reasonable suspicion supported by articulable objective facts' of drug possession to seize [Gonzalez-Moreno's] bags." The magistrate judge concluded that without valid consent or reasonable suspicion, the seizure of Gonzalez-Moreno's bags for a dog sniff "violated the Fourth Amendment."[3]

In light of that conclusion, the magistrate judge revisited his analysis of the search warrant and the *Leon* good-faith exception. After thoroughly considering the issue, the

---

§ 636(b)(1)(A); Fed. R. Crim. P. 59(a); *see also United States v. Patterson*, 68 F.4th 402, 414 (8th Cir. 2023) (noting the decision to hold a *Franks* hearing is a matter of discretion); *United States v. Hari*, No. CR181501DWFHB, 2019 WL 7041849, at *1 (D. Minn. Dec. 20, 2019) ("Motions for *Franks* hearings are non-dispositive and, therefore, reviewed for clear error.").

[3]The magistrate judge determined that his conclusion that the dog sniff was unconstitutional mooted any outstanding questions about the dog's reliability. The Court agrees.

magistrate judge concluded the exception did not apply. In particular, the magistrate judge decided the task-force officers' "pre-warrant conduct was not 'close enough to the line of validity' to make their belief in the warrant's validity objectively reasonable" as required under *United States v. Rodriguez*, 834 F.3d 937, 941 (8th Cir. 2016). Based on the totality of that analysis, the magistrate judge now recommends that the Court grant Gonzalez-Moreno's motion to suppress.

The parties' respective reactions to the magistrate judge's analysis have now flipped. This time, Gonzalez-Moreno says "[t]he magistrate judge is correct" (Filing No. 59), and the government objects (Filing No. 58). As the government sees it, the magistrate judge erred in (1) describing one of the task-force officer's Spanish language skills, (2) basing his consent analysis on that officer using only one Spanish phrase, (3) finding Gonzalez-Moreno did not voluntarily consent "to a[n] effectively communicated request for a" dog sniff, (4) analyzing reasonable suspicion for the initial seizure of Gonzalez-Moreno's luggage because he "consented to the dog sniff" and "the results of the dog sniff established probable cause to arrest [Gonzalez-Moreno] and reasonable suspicion to seize the luggage," and (5) making "findings *sua sponte* that good faith did not apply." The government contends the Court should reject those good-faith findings because the government "has not argued that the good faith exception would cure a defect involving consent," making them unnecessary "for the determination of this case."

The Court will sustain the government's last objection but overrule the rest. Having carefully reviewed de novo the magistrate judge's Findings and Recommendation as amended by his thorough Supplemental Findings and Amended Recommendation, the evidence presented at both hearings, and all of the parties' submissions, the Court concludes the dog sniff of Gonzalez-Moreno's bags violated his Fourth Amendment rights. *See United States v. Jones*, 990 F.2d 405, 407 (8th Cir. 1993) ("Police officers may briefly detain luggage for a dog-sniff search without violating the Fourth Amendment if the owner of the luggage consents or if there is reasonable suspicion supported by articulable,

4

objective facts that the luggage contains drugs.") (internal citations omitted). In short, the Court agrees with the magistrate judge that based on the totality of the somewhat unusual facts and circumstances of this case, Gonzalez-Moreno did not knowingly and voluntarily consent to the dog sniff. To the extent the government has not already conceded that the task-force officers did not have reasonable suspicion, the Court agrees with the magistrate judge that they did not.

Because the unconsented dog sniff of Gonzalez-Moreno's bags violated his constitutional rights in these circumstances—and the government does not rely on the good-faith exception—the challenged evidence must be excluded. *See Wong Sun v. United States*, 371 U.S. 471, 484-88 (1963); *Green*, 52 F.3d at 198-200. Accordingly,

IT IS ORDERED:

1. The government's objection to the magistrate judge's findings on good faith is sustained (Filing No. 58). All its other objections are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 40) as amended by his Supplemental Findings and Amended Recommendation (Filing No. 57) is accepted with the modifications described in this Memorandum and Order.
3. Defendant Eduardo Gonzalez-Moreno's objections (Filing No. 45) are overruled as moot.
4. Gonzalez-Moreno's Motion to Suppress (Filing No. 18) is granted. His alternative request for a *Franks* hearing is denied as moot.[4]

Dated this 25th day of January 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[4] *See United States v. Lucca*, 377 F.3d 927, 932 (8th Cir. 2004) ("A *Franks* hearing is just a step along the way to the ultimate goal of a motion to suppress[.]")